UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATROYA SIMPSON, individually and on behalf of a class of similarly-situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>VANTAGE HOSPITALITY GROUP, INC.,<br><br>Defendant. | Case No.: 12-cv-04814-YGR<br><br>**ORDER STRIKING DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY AND ORDER TO SHOW CAUSE** |

Defendant Vantage Hospitality Group, Inc. has filed a Response to Plaintiff's Notice of Recent Authority. (Dkt. No. 31.) On November 21, 2012, Plaintiff filed a Statement of Recent Decision in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, Strike Class Allegations. (Dkt. No. 29.) Plaintiff's Statement of Recent Decision attached two judicial opinions published after the date of Plaintiff's opposition, and the Statement itself contained no argument. As such, this filing was permitted by Civ. L.R. 7-3(d)(2).

Defendant, on the other hand, has violated Civ. L.R. 7-3(d), which explicitly states that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." A response to a statement of recent decision is not permitted under this Local Rule. Defendant has also circumvented the page limits set forth in Civ. L.R. 7-2 and 7-3 and given itself an additional six pages of pure argument that is otherwise prohibited. Defendant's Response at Dkt. No. 31 is hereby **STRICKEN**. The Court will not consider Defendant's new arguments in rendering its decision.

Defendant's counsel, Randall Sunshine, Angela Agrusa, and David Farkas, are hereby **ORDERED TO SHOW CAUSE** why they should not be sanctioned for failure to follow these explicit

Local Rules.  A hearing on this Order to Show Cause shall be held on <u>Friday, December 14, 2012</u>, on the Court's 9:01 a.m. calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California, in a courtroom to be designated.  Defendant's counsel must file a written response to this Order to Show Cause no later than December 7, 2012 explaining counsel's failure to comply with the above rules, as well as certifying that each counsel has personally read and understands the Civil Local Rules regarding Motion Practice.  Defendant's counsel is required to appear personally at the hearing.  If the Court is satisfied with Defendant's counsel's response and certifications, it will consider taking the Order to Show Cause hearing off calendar.

The Clerk shall strike Dkt. No. 31 from the record.

**IT IS SO ORDERED.**

Dated: November 30, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**