UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATROYA SIMPSON, individually and on behalf of a class of similarly-situated individuals,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>VANTAGE HOSPITALITY GROUP, INC.,<br><br>　　　　　Defendant. | Case No.: 12-cv-04814-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA (DKT. NO. 5) AND DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, STRIKE CLASS ALLEGATIONS (DKT. NO. 9)** |

Plaintiff Latroya Simpson brings this class action for violation of California Penal Code section 632.7 against Defendant Vantage Hospitality Group, Inc. based on allegedly unlawful recordings of conversations between the parties. Pending before the Court are Defendant's Motion to Transfer Venue to the Central District of California, and Defendant's Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Strike Class Allegations.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** both motions in their entirety.[1]

I.　**FACTUAL AND PROCEDURAL BACKGROUND**

This class action arises out of Defendant's alleged policy and practice of recording and/or intercepting calls made to a hotel reservation hotline without the consent of all parties. (Notice of Removal of Civil Action (Dkt. No. 1), Ex. A (Complaint for Damages and Injunctive Relief

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that these motions, which are scheduled for hearing on December 11, 2012, are appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearings currently scheduled for December 11, 2012 and **DENIES AS MOOT** the further stipulated request to continue the hearing to December 18, 2012 (Dkt. No. 30).

("Compl.")) ¶ 1.) Plaintiff alleges that she called the reservation line for America's Best Value Inn, a hotel brand of Defendant, which intentionally and surreptitiously recorded the calls without warning or disclosing to callers the recordings. (*Id.*) Plaintiff alleges she called the reservation line using her cellular telephone to inquire about hotel rates, and subsequently shared sensitive personal information with Defendant, including her name and credit card information. (*Id.* ¶ 17.) Plaintiff could not have consented to the recording because she was unaware of it, and had a reasonable expectation that the conversation was private and confined to the parties on the telephone. (*Id.* ¶¶ 18–19.)

Plaintiff alleges one claim for unlawful recording and intercepting of communications pursuant to Cal. Pen. Code section 632.7[2] ("Section 632.7") and seeks an award of statutory damages ($5,000 per violation) and injunctive relief. (Compl. ¶¶ 3, 33–38 & Prayer for Relief; *see* Cal. Pen. Code section 637.2.) She brings this action on behalf of a class of California residents "who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the Best Value central reservations call center from a cellular or cordless telephone located in California and whose calls with Best Value central reservations call center were recorded and/or monitored by Defendants surreptitiously or without disclosure." (Compl. ¶ 20.)

On June 29, 2012, Plaintiff commenced this action in California state court. (Dkt. No. 1.) Defendant removed the action to federal court on September 14, 2012. (*Id.*) On September 21, 2012, Defendant filed the pending Motion to Transfer Venue to the Central District of California (Dkt. No. 5) ("Transfer Motion") and Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Strike Class Allegations (Dkt. No. 9) ("Motion to Dismiss"). Pursuant to a stipulated briefing schedule, Plaintiff filed oppositions to the Transfer Motion (Dkt. No. 20 ("Transfer Opposition")) and Motion to Dismiss (Dkt. No. 19 ("MTD Opposition")) on October 16, 2012. Defendant's respective replies were filed on November 6, 2012. (Dkt. Nos. 23 ("Transfer Reply") & 24 ("MTD Reply"). By

---

[2] Section 632.7 provides that a fine or imprisonment shall be imposed against "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

stipulation, the parties requested to continue the hearing to December 11, 2012.  (Dkt. No. 27.)  A second stipulation to continue the hearing to December 18, 2012 is pending.  (Dkt. No. 30.)

## II.     MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

### A.     Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).  A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  The moving party bears the burden to show that: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice.  *See Hoffman v Blaski,* 363 U.S. 335, 343–44 (1960); *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).  The decision whether to grant a transfer on convenience grounds is left to the sound discretion of the court, taking into consideration factors set forth in section 1404(a) and in relevant case law.

Where venue is determined to be proper in both districts, a district court has broad discretion to determine whether to transfer considering, on a case-by-case basis, factors of convenience and fairness.  *See Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 639 (9th Cir.1988); *Roberts v. C.R. England, Inc.*, 827 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011). Among the factors the court may consider are: "(1) the location where [any] relevant agreements were negotiated and executed, (2) the [forum] that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance

of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498–99; *see also Roberts*, 827 F. Supp. 2d at 1086–87.

### B.     Analysis

Defendant contends that this action should be transferred to the Central District of California on the sole basis that it is an attempt at re-litigating an unfavorable decision in a "materially identical" lawsuit against another hotel chain. (Transfer Motion at 4.) In *Young v. Hilton Worldwide, Inc., et al.*, No. CV 12-1788 R (PJWx) ("*Young*"), Judge Manuel L. Real dismissed a putative class action brought by another plaintiff against Hilton Hotels for violating the Penal Code by recording customer calls without notification.[3] (*Id.* at 1.) Following Judge Real's dismissal, Defendant states that Plaintiff, who is represented by the same counsel as in *Young*, filed seven other "carbon copy" class action lawsuits against hotel chains. (*Id.* at 1–2.) This conduct, according to Defendant, is "clearly forum shopping." As such, Defendant primarily argues that transfer to the Central District of California—based on similarities with the *Young* case and Judge Real's familiarity with the issues—will preserve judicial resources, avoid inconsistent results, and curb forum shopping. (*Id.* at 2; Transfer Reply at 2–4.) Further, Defendant argues that Plaintiff's choice of forum is given little weight in putative class actions, and that the factor of convenience of the parties is neutral. (Transfer Motion at 11–12; Transfer Reply at 5–7.) Defendant provides no persuasive evidence on these grounds.

---

[3] Pursuant to Fed. R. Evid. 201, Defendant filed a request for judicial notice of: (1) the *Young* complaint; (2) the Complaint in the instant action; and (3) the complaints in seven other class action lawsuits filed by Plaintiff. (Dkt. Nos. 6 & 7.) Fed. R. Evid. 201 allows a court to take judicial notice of "matters of public record," but not facts that may be subject to a reasonable dispute. *Lee v. City of Los Angeles,* 250 F.3d 668, 689–90 (9th Cir. 2001). Facts that may be judicially noticed must be "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court takes judicial notice of the *Young* complaint, attached as Ex. A to the Declaration of Angela C. Agrusa in Support of Defendant's Motion to Transfer Venue to the Central District of California. (Dkt. No. 7.) The Court need not take judicial notice of Ex. B, the Complaint in this action, because it is part of the court record. The Court declines to take judicial notice of Ex. C, consisting of the seven complaints in Plaintiff's other class action lawsuits because the Court finds they are irrelevant to the Transfer Motion.

4

Plaintiff disagrees that the cases are identical (or even related), and emphasizes that there are no common plaintiffs, no common defendants, and no facts in common. (Transfer Opposition at 1.)[4] Further, Plaintiff argues that Defendant itself is forum shopping by seeking transfer to another district when venue here is proper. (*Id.*) Noting that the burden is on Defendant to establish that transfer is appropriate, Plaintiff asserts that the convenience of the parties weighs against transfer because Plaintiff and her counsel reside close to the Northern District. (*Id.* at 5.) In addition, Plaintiff argues that the convenience of witnesses weighs against transfer because Defendant has failed in its burden to establish that such convenience exists. (*Id.* at 6.)

The Court agrees with Plaintiff that transfer is not appropriate. Defendant does not dispute that venue in the Northern District is proper, nor does Plaintiff dispute that the case could have been filed in the Central District. Both parties focus on the factors of the convenience of the parties and witnesses, and whether transfer will promote the interests of justice. *See Hoffman,* 363 U.S. at 343–44. Defendant has failed to show that the Central District is more convenient for any party or witness in this action. Moreover, Defendant has failed to show that the interests of justice are served by transferring this action, which does not have any of the same parties, to the Central District based solely on *Young*. For these reasons, the Motion to Transfer is **DENIED**.

### III. MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, STRIKE CLASS ALLEGATIONS

#### A. Legal Standard

##### 1. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be

---

[4] Based on Fed. R. Evid. 201, Plaintiff also filed a request for judicial notice of six complaints from various state and federal class actions in California for violations of Section 632.7. (Dkt. No. 20-2; Transfer Opposition at 8.) The Court declines to take judicial notice of these complaints because the Court finds they are irrelevant to the pending Transfer Motion.

5

true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000).

**2. Federal Rule of Civil Procedure 12(f)**

Fed. R. Civ. P. 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Motions to strike are generally disfavored (*Colaprico v. Sun Microsystem, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)) and are not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation (*LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992)). Consequently, when a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2010). In deciding whether to grant a motion to strike under Rule 12(f), the court must start

with the rule's plain language and determine whether the matter at issue is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id.* at 973–74.

### B. Summary of Arguments

Defendant raises five issues in its Motion to Dismiss.[5] First, Defendant argues that Section 632.7 does not apply to participants of a telephone conversation because the statute targets unauthorized eavesdropping on a recording of conversations by third parties. (Motion to Dismiss at 2.) Second, Defendant argues that the California Invasion of Privacy Act—which consists of more than just Section 632.7—protects only "confidential" communications in circumstances where there is a reasonable expectation of privacy. (*Id.*) For these first and second reasons, Defendant contends that Plaintiff cannot state a claim under Section 632.7 and dismissal is warranted.

Defendant's third, fourth, and fifth arguments relate to Plaintiff's class allegations. Third, Defendant contends that a class cannot be maintained (and will not be certified) because whether each class member had notice of the recording and/or a reasonable expectation of confidentiality necessarily turns on individual assessments of state of mind and the circumstances of the telephone calls. (Motion to Dismiss at 14.) Fourth, Defendant asserts that Plaintiff is an inadequate class representative because her eight "carbon-copy class action lawsuits" against hotel chains are a "sting operation," and her claims and the existence of injury strain credulity. (*Id.* at 19.) Fifth, Defendant argues that the statutory penalties sought bear no relation to any actual harm. (*Id.* at 20–22.) For these reasons, Defendant requests that the Court dismiss or strike the class allegations.

In response, Plaintiff argues that the application of Section 632.7 is not limited to third parties and that there is no requirement in the section that the communications be confidential. (MTD Opposition at 6–11.) Plaintiff further argues that the class issues raised by Defendant should be

---

[5] Defendant filed requests for judicial notice of various documents with both the Motion to Dismiss (Dkt. No. 10 ("MTD RJN")) and MTD Reply (Dkt. No. 25 ("Reply RJN")) based on Fed. R. Evid. 201. As to the MTD RJN, the Court takes judicial notice of Exs. 3 (Order Granting Defendant Hilton Worldwide, Inc. and Hilton Reservations Worldwide, LLC's Motion to Dismiss Plaintiff's Complaint ("*Young* Dismissal Order")) & 4 (*Young* complaint). The Court also takes judicial notice of Ex. 5 to the Reply RJN (Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint in *Nader v. Capital One Bank (USA), N.A.*). The Court declines to take judicial notice of Exs. 5–11 attached to the MTD RJN, consisting of complaints in Plaintiff's other class action lawsuits because they are not relevant to the pending Motion to Dismiss. Judicial notice is also denied as to the legislative history attached as MTD RJN Exs. 1 & 2 and Reply RJN Exs. 1–4. As the Court will discuss, *infra*, the Court does not believe the legislative history is necessary to the resolution of the Motion to Dismiss.

deferred until a motion for class certification, after the parties have conducted class-related discovery. (*Id.* at 12.)

### C.      Analysis

#### 1.      Applicability of Section 632.7

As noted above, Section 632.7 applies to "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." Defendant would have this Court interpret "intercepts or receives"—which is only one element under this section—as requiring that "the plaintiff must also plead that the defendant was not a party to the communication" because "a party to a communication does not 'intercept' . . . the communication" and "a plain reading of the word ["receives"] demonstrates that it too must apply only to non-parties to a communication." (Motion to Dismiss at 6.) Plaintiff urges that Defendant is attempting to read the word "receives" right out of the statute. (MTD Opposition at 7.) While never addressing what the alleged "interception" consists of, Plaintiff states that an interception is simply not required. (*Id.*)

In analyzing Section 632.7, the Court's analysis begins "where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). "[The court's] role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning. If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs. The words, however, must be read in context, considering the nature and purpose of the statutory scheme." *Hunt v. Superior Court*, 21 Cal. 4th 984, 1000 (1999); *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 490 (9th Cir. 1996) ("Under California law, statutory construction begins with the language of the statute. If the language of the statute is clear and unambiguous, the statutory analysis ends.") (citing *Delaney v. Superior Court,* 50 Cal. 3d 785 (1990)).

"[C]ourts may not excise words from statutes." *Kulshrestha v. First Union Commercial Corp.*, 33 Cal. 4th 601, 611 (2004). A court should "assume each term has meaning and appears for a reason." *Id.*; *cf. Marley v. United States,* 567 F.3d 1030, 1037 (9th Cir. 2009) ("Where Congress 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)); *cf. Paul Revere Ins. Group v. United States*, 500 F.3d 957, 962 (9th Cir. 2007) ("[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.") (alteration in original) (quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994)).

Here, the Court finds that there is no ambiguity in the language of Section 632.7 and that Defendant's proffered interpretation effectively eliminates the words "or" and "receives" in their entirety. While the common understanding of "intercept" (*i.e.*, "to stop, seize, or interrupt in progress or course or before arrival") contemplates the existence of a third party (Webster's Ninth New Collegiate Dictionary ("Webster's") at 630 (1988)), the same is not true of "receives," which very broadly means "to come into possession of." (Webster's at 982.) Because the inclusion of "receives" is presumed to have been purposeful, the Court must apply the statute as written and using the term's plain (and broad) meaning. Further, the use of "or" also has plain meaning—it is disjunctive and expresses that either alternative of "intercepts" or "receives" will suffice. (*See* Webster's at 829.) Because the Court applies each part of "intercepts or receives" by its plain meaning, it must reject Defendant's argument that the statute can only apply to third parties.[6] No persuasive reason has been presented why Defendant did not "receive" Plaintiff's communications in the ordinary sense.

Similarly, Defendant's argument that Section 632.7 applies only to "confidential" communications is contrary to a plain reading of the statute. Defendant argues that the Court must

---

[6] Two district courts have recently come to the same conclusion, although differing on whether the language of the statute is unambiguous. *Brown v. Defender Sec. Co.*, No. CV 12-7319-CAS (PJWx), 2012 WL 5308964, at *5 (C.D. Cal. Oct. 22, 2012) ("The Court . . . finds that [section] 632.7 prevents a party to a cell phone conversation from recording it without the consent of all parties to the conversation."); *Simpson v. Best Western Int'l, Inc.*, No. 12-cv-04672-JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012) ("[T]he Court finds that [section] 632.7 applies to parties to the communication as well as third parties.").

9

construe Section 632.7 in light of the entire California Invasion of Privacy Act, including Cal. Pen. Code section 632. (Motion to Dismiss at 9.) Pen. Code section 632 applies to "[e]very person who, intentionally and without the consent of all parties to a *confidential* communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication."[7] (Emphasis supplied.) In order to state a claim, Defendant argues that Plaintiff "must show that she had an *objectively reasonable expectation* that the communication would not be intercepted or recorded. (Motion to Dismiss at 10 (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (2002)). The Court cannot overlook, as Defendant does, that the legislature specifically chose to include "confidential communication" in Pen. Code section 632, but excluded the use of such phrase in Section 632.7. The Court must assume that this choice was intentional and purposeful. *Cf. Marley*, 567 F.3d at 1037; *Paul Revere Ins. Group*, 500 F.3d at 962. Moreover, in *Flanagan*—one of the very cases cited by Defendant—the California Supreme Court noted that the prohibition contained in Section 632.7 "applies to all communications, not just confidential communications."[8] 27 Cal. 4th at 771 n.2. Because the only requirement contained in Section 632.7 is that there was a communication and Plaintiff has alleged that communications occurred, Defendant's Motion to Dismiss on this ground is **DENIED**.

Based on the Complaint, Plaintiff has alleged that Defendant received her communications via calls made on her cellular phone, that Defendant recorded the calls, and that Defendant did so without obtaining her consent. Taking these allegations as true, as the Court must on a motion to dismiss, Plaintiff has stated a plausible claim for violation of Section 632.7. Defendant's Motion to Dismiss for failure to state a claim is **DENIED**.

---

[7] Under sub-section (c) of Pen. Code section 632, a "'confidential communication' includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded."

[8] The Court further notes that Defendant's reliance on the *Young* Dismissal Order and *Faulkner v. ADT Sec. Servcs., Inc.*, No. C 11-00968 JSW, 2011 WL 1812744 (N.D. Cal. May 12, 2011) is misplaced to the extent the analyses of whether those plaintiffs had an objectively reasonable expectation that the conversation was not being recorded or overheard were based on Pen. Code section 632, not Section 632.7.

### 2. Class Allegations

The remainder of Defendant's arguments relates to whether this action is suitable for class treatment and will ultimately be certified as a class action, whether Plaintiff is an appropriate representative for the class, and whether the aggregated statutory damages sought by the class are reasonable.

"[G]ranting of motions to dismiss class allegations before discovery has commenced is rare." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (denying motion to dismiss class allegations "[i]n the absence of any discovery or specific arguments related to class certification"). The Court agrees with Plaintiff that Defendant's substantive arguments for dismissal based on class certification, including the adequacy of Plaintiff as a class representative, are premature and must be **DENIED** at this stage. The alternative request to strike these allegations also fails for the additional reason that Defendant has failed to show that any of the class allegations are redundant, immaterial, impertinent, or scandalous under Fed. R. Civ. P. 12(f). For these reasons, Defendant's Motion to Dismiss and alternative request to strike class allegations are **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Transfer Motion and Motion to Dismiss in their entirety. This Order terminates Dkt. Nos. 5, 9, and 30. The hearing scheduled for December 11, 2012 is hereby **VACATED**.

Defendant shall respond to the complaint within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: December 4, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**